UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **METRO SERVICES GROUP,**<br><br>    Plaintiff**,**<br><br>    vs.<br><br>**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,**<br><br>    Defendant. | CASE NO. 4-21-cv-02178-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 17 |

    Plaintiff Metro Services Group ("Metro") brings this action against defendant Travelers Casualty and Surety Company of America ("Travelers"). ("Dkt. No. 2") ("Compl.") Metro asserts nine claims based on Travelers' alleged failure to pay Metro's legal costs after accepting Metro's tender of defense. They include: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing-in bad faith; (3) breach of statutory duty; (4) promissory estoppel; (5) misrepresentation; (6) fraud; (7) interference with prospective economic advantage; (8) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"); and (9) a claim for declaratory judgment. (*Id.*)

    Now before the Court is Travelers' motion to dismiss claims Three, Four, Five, Six, Seven, and Eight under Federal Rule 12(b)(6). (Dkt. No. 17.) Metro opposes the motion. (Dkt. No. 18.) The matter was fully briefed by the parties. (Dkt. No. 19.)

    Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the motion to dismiss.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **June 29, 2021**.

## I. BACKGROUND

The Court summarizes the allegations relevant to the disposition of this motion.

On April 26, 2018, Crown Building Maintenance, Inc. filed a complaint against Metro and Metro's Officers, Jeff Dachenhaus, Mark Nolan, and Derek Schulze ("Metro's Officers") for breach of contract and trade secret misappropriation against Metro ("Underlying Action"). (Compl. ¶ 16.) The claims in the Underlying Action arose from Metro's and its officers' alleged misappropriation of Crown's customer information and proprietary business information. (*Id.*)

On May 10, 2018, Metro submitted the matter to its insurance company, Travelers, for coverage. (*Id.* ¶ 24.) On August 9, 2018, Travelers denied coverage to Metro but agreed to provide coverage for Metro's Officers subject to a reservation of rights. (*Id.* ¶ 25, Ex. E.)

Nearly two years later, on July 20, 2020, Metro renewed its demand for coverage. (*Id.* ¶ 26.) Metro also demanded independent counsel on behalf of one of its officers. (*Id.*, Ex. F.) Travelers denied Metro's demand for coverage on August 20, 2020. (*Id.* ¶ 27.) Travelers also denied Metro's request for independent counsel for its officer, stating that the officer had waived his right to independent counsel. (*Id.*, Ex. G.)

On September 10, 2020, Metro submitted a third demand for coverage and independent counsel for its officer. (*Id.* ¶ 28.) On October 1, 2020, Travelers accepted Metro's defense subject to a full reservation of rights. (*Id.* ¶ 29; Ex. I.) Metro asserts that Travelers agreed to pay Metro's defense costs going forward without a reservation of rights. (*Id.* ¶ 30.) Metro claims that Travelers now refuses to pay Metro's defense costs and refuses to appoint independent counsel to Metro and its officer. (*Id.* ¶¶ 35-37.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiffs. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a

2

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiffs to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," plaintiffs must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of this 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

Further, a plaintiff must state claims grounded in fraud with particularity. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Averments of fraud must set forth the "who, what, when, where and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

### III. ANALYSIS

Travelers seeks to dismiss Metro's six of nine claims. The Court discusses each in turn.

#### A. Third Claim: Breach of Statutory Duty

Metro asserts that Travelers breached its statutory duty in two distinct ways: violation of

3

California's Civil Code Section 2860 and Insurance Code Section 790.010.[2] The Court finds that Metro's claims fail under both theories put forth, as detailed below.

        *1.    Count I: Violation of California Civil Code Section 2860 (Duty to Provide Independent Counsel)*

Under Section 2860, an insurance carrier is required to provide independent counsel to an insured when a conflict of interest exists between the insured and the carrier. Cal. Civ. Code § 2860; *San Gabriel Basin Water Quality Authority v. Aerojet-General Corp.*, 105 F. Supp. 2d 1095, 1101 (C.D. Cal. 2000). While a reservation of rights letter is one way in which a conflict of interest could arise, not every reservation of rights letter entitles an insured to select independent counsel. *See* Civ. Code § 2860(b); *see also Centex Homes v. St. Paul Fire & Marine Ins. Co.*, 19 Cal. App. 5th 789, 797 (2018). "Whether independent counsel is required depends upon the nature of the coverage issue, as it relates to the issues in the underlying case, and there must be evidence that the outcome of the coverage issue can be controlled by counsel first retained by the insurer for the defense of the underlying claim." *Id.* at 798-99.

First, as Travelers correctly pointed out, the complaint does not allege that Metro ever demanded independent counsel on behalf of itself. Instead, Metro's complaint, and the documents incorporated therein, only establish that Metro sought independent counsel for its Officers. ((*See* Dkt. 8-1, Ex. F at 7) (seeking independent counsel for officer Derek Schulze only); (Dkt.10-1, Ex. J at 2) (seeking independent counsel for all three of Metro's Officers)). Thus, to the extent Metro brings this claim based on Travelers' decision not to provide the Officers with independent counsel, this claim fails because Metro has not plead sufficient facts to establish its own standing. "To establish standing, a plaintiff must show injury in fact, causation, and redressability." *Republic of Marshall Islands v. United States*, 865 F.3d. 1187, 1199 (9th Cir. 2017).

To the extent Metro brings this claim based on Travelers' decision not to provide Metro with independent counsel, as previously stated, Metro fails to provide any facts to establish that it

---

[2] The Court notes that Sections 790.01 and 790.10 do not set forth unfair insurance practices. Because Metro's complaint alleges Travelers engaged in unfair conduct, the Court assumes Metro intended to bring this claim under Section 790.03.

4

demanded independent counsel on behalf of itself. Even if Metro had demanded such, Metro does not allege facts to show the existence of a conflict of interest. Without these bare allegations, Metro's claim fails.

Accordingly, the motion is therefore **GRANTED WITH LEAVE TO AMEND** this portion of the claim.

### 2. *Count II: Violation of California Insurance Code Section 790.03 (Unfair and Deceptive Business Practices)*

Travelers next argues that the complaint should be dismissed because California Insurance Code Section 790.03 does not provide a private right of action. The Court agrees. Section 790.03 defines and proscribes "unfair methods of competition" and "unfair and deceptive acts or practices.'" *See e.g.* Cal. Ins. Code § 790.03. Under Section 790.035, "any person who engages in . . . any unfair or deceptive act or practice defined in Section 790.03 is liable to the state for a civil penalty to be fixed by the commissioner." *Id.* § 790.035. Section 790.03 was not intended to create a private civil cause of action against an insurer. *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 304 (1988) (explaining that Section 790.03 does not create a private right of action).

Accordingly, the motion is therefore **GRANTED WITH PREJUDICE** as this portion of the claim.

## B. Fourth Claim: Promissory Estoppel

Travelers contends that Metro has not alleged the facts necessary to support a claim for promissory estoppel. To prevail on a promissory estoppel claim, Metro must allege: (1) a clear and unambiguous promise; (2) reliance on that promise; (3) the reliance must be both reasonable and foreseeable; and (4) injury resulting from such reliance. *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887 (2005) (citations omitted). "[T]he existence of an actual promise is critical to any promissory estoppel claim." *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 882 (N.D. Cal. 2015).

Here, Metro alleges that Travelers "agreed to pay Metro's defense costs going forward, without reservation or limit, and specifically the invoices of Clark Hill." (Compl. ¶ 30.) However, Metro does not allege any other facts that establish such a clear and unambiguous promise. In

5

fact, the October 1, 2020 letter appears to establish the opposite. *Compare* Compl. ¶ 29; Ex. I (October 1, 2020 letter) (stating that it is "made subject to a reservation of all its rights under the terms, exclusions and conditions of the policy, and the law, whether or not stated), *with Tomerlin v. Canadian Indem. Co.*, 61 Cal. 2d 638, 643 (1964) (holding that defendant was estopped from providing coverage after defendant withdrew all reservations of rights and agreed to defend plaintiff without reservations). The reservation of rights language included in the letter shows only that Travelers promised to accept the defense of Metro's claims, subject to confirmation of coverage and reservations of other rights. Thus, without more, the allegations in the complaint are insufficient.

Moreover, Metro's promissory estoppel claim fails because the promise that it claims was bargained-for consideration under the parties' contract. Under California law, "the same allegations that give rise to a breach of contract claim cannot also 'give rise to a claim for promissory estoppel, as the former [is] predicated on a promise involving bargained-for consideration, while the latter is predicated on a promise predicated on reliance in lieu of such consideration.'" *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1040–41 (N.D. Cal. 2012) (quoting *Co-Investor, AG v. FonJax, Inc.,* C 08-01812 SBA, 2008 WL 4344581, at *3 (N.D. Cal. Sept. 22, 2008) (collecting California cases)).

Thus, the motion is therefore **GRANTED WITH LEAVE TO AMEND** as to this claim.

### C. Fifth and Sixth Claims: Misrepresentation and Fraud

To state a claim for fraud or misrepresentation,[3] a plaintiff must allege a: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity

---

[3] Metro alleges two counts in each claim but does not specify in the complaint whether its misrepresentation claim is based on intentional versus negligent misrepresentation. Based on Metro's assertions regarding both knowledge that the purported representations were false, and the unreasonableness of believing the representations were true (*see* Compl. ¶¶ 71, 75), the Court interprets Metro's broad "misrepresentation" claim as one for both intentional and negligent misrepresentation. *See Ryan-Beedy v. Bank of N.Y. Mellon*, 293 F. Supp. 3d 1101, 1109 (E.D. Cal. 2018) ("A cause of action for negligent misrepresentation must allege the same elements [as one for intentional misrepresentation], *except that a plaintiff need not show that the defendant knew of the falsity of the statement*, but rather that the defendant lacked reasonable ground for believing the statement to be true." Emphasis supplied. Internal quotation marks omitted.) However, if realleged, Metro shall clarify.

6

(or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1067 (N.D. Cal. 2013) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)); *Lyons v. Bank of Am., NA*, No. 11-01232 CW, 2011 WL 3607608, at *6 (N.D. Cal. Aug. 15, 2011). In addition, as explained above, Metro must satisfy the heightened pleading standard of Rule 9(b) to give Travelers notice of the particular misconduct asserted in the complaint.

The Court discusses Metro's fraud and misrepresentation claims together because they are based on the same alleged conduct.

First, with respect to the alleged promise to pay for Metro's legal costs, Metro claims misrepresentation and fraud because Travelers allegedly had no intention to pay the legal fees, or any reasonable basis to think that they would pay. *Compare* Compl. ¶¶ 68–71, 75 *with id.* ¶¶ 79–82, 86.) Metro does not allege facts to establish Travelers' intent. For instance, Metro's complaint does not allege facts to establish what Travelers knew at the time it accepted Metro's defense, what Travelers should have known, or any alleged statements and/or conduct that contradict Travelers' statements in the October 1, 2020 letter.

Second, with respect to the statement that Metro had waived its right to seek independent counsel, Metro claims fraud and misrepresentation because Travelers intended to trick Metro into dropping its demand for counsel. Again, Metro fails to allege any facts to support this conclusory conclusion. Moreover, Metro fails to allege how it justifiably relied on the purported misrepresentation and how that reliance resulted in damages.

Accordingly, this portion is **GRANTED WITH LEAVE TO AMEND**.

D. **Seventh Claim: Interference with Prospective Economic Advantage** [4]

The tort of negligent interference with prospective economic is established where a

---

[4] Again, the complaint does not specify whether Metro is asserting a claim for intentional or negligent interference with prospective economic advantage. Because the allegations include language about what Travelers knew or should have known (*see* Compl. ¶¶ 90-91), the Court interprets Metro's interference with prospective economic claim as one for both intentional and negligence interference with prospective economic advantage. However, if realleged, Metro shall clarify.

7

plaintiff demonstrates: (1) an economic relationship between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. *N. Am. Chem. Co., v. Superior Court,* 59 Cal. App. 4th 764, 786 (1997).

The tort of intentional interference with prospective economic advantage has the same elements, except the defendant's conduct must be intentional and wrongful act. *See e.g. Korea Supply Co., v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). The "wrongful act" must be one that is "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard" and "independently wrongful." *Id.* at 1159; *see Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 476 (1996) (holding that a claim for intentional interference with prospective business advantage requires an independently wrongful act).

First, as to both the negligent and intentional interference with economic advantage claims, Metro's claims fail because Metro has not identified the specific relationship with which Travelers is alleged to have interfered. Courts have held that both interference claims require such identification. *See e.g. Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 527 (1996); *UGM Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1118 (C.D. Cal 2015); *Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*, No. 11-CV-565-L WVG, 2011 WL 5360074, at *5 (S.D. Cal. Nov. 3, 2011) (explaining that requirement that plaintiff allege facts establishing the specific relationship also applies to negligent interference claims); *Rheumatology Diagnostics Lab'y, Inc. v. Aetna, Inc.*, No. 12-CV-05847-WHO, 2013 WL 5694452 (N.D. Cal. Oct. 18, 2013) ("Alleged relationships with 'potential customers' are insufficient because they are nothing more than speculative economic relationships."). Metro

alleges only that Travelers' actions "diverted money and capital away from new business opportunities." (Compl. ¶ 92.) Without any allegations of the relationships or opportunities with which Travelers is alleged to have interfered, Metro claim fails.[5]

Thus, the Court **GRANTS** the motion as to this claim **WITH LEAVE TO AMEND**.

### E. Eighth Claim: Violation of RICO

Metro brings RICO claims under 18 U.S.C. § 1962 (a)-(c). Subsections (a)-(c) prohibit the: (a) investing in, (b) acquiring, or (c) conducting or participating in an enterprise with income derived from a pattern of racketeering activity of collection of an unlawful debt. 18 U.S.C. § 1962(a)-(c). The Court dismisses each claim, as discussed below.

#### 1. *18 U.S.C. § 1962 (a)* and *(b)*

To state a claim under Section 1962(a), a plaintiff must allege facts establishing: (1) a person receives income derived directly or indirectly from a pattern of racketeering activity or unlawful debt; (2) that person uses or invests, directly or indirectly, any part or proceeds of such income in the acquisition of any interest in, or the establishment or operation of any enterprise; and (3) that enterprise is engaged in or its activities affect interstate or foreign commerce. *United States v. Robertson*, 15 F.3d 862, 868 (9th Cir. 1994), *rev'd on other grounds* by 514 U.S. 669 (1995). In addition, a plaintiff "must allege that the investment of racketeering income was the proximate cause of its injury." *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008).

Section 1962(b) requires that a plaintiff allege the following: (1) the defendant's activity led to its control or acquisition over a RICO enterprise, and (2) an injury to plaintiff resulting from defendant's control or acquisition of a RICO enterprise. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), *overruled on other grounds Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007)).

Here, Metro does not set forth any facts to support its RICO claim under subsections (a)

---

[5] Further, as to Metro's claim for intentional interference with a prospective economic advantage, Metro has failed to allege sufficiently that Travelers' alleged conduct was "legally wrong."

9

and (b). Instead, Metro simply restates the language of the statute in a conclusory manner. This is precisely the type of conclusory, fact-barren pleading which the Supreme Court has held is insufficient to avoid a motion to dismiss. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). This is a garden-variety insurance coverage dispute. Moreover, Metro does not allege an enterprise, much less sufficient allegations showing how Travelers received the alleged income from the pattern of racketeering, what enterprise Travelers invested the alleged money in, or how Travelers gained such control over the enterprise. Additionally, Metro does not plead facts to establish that it suffered injury from Travelers' actions.

### 2. 18 U.S.C. § 1962(c)

To recover under Section 1962(c), a plaintiff must prove: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). To constitute racketeering activity, the relevant conduct must consist of at least one of the indictable predicate acts listed in Section 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985) ; *see also Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 557 (9th Cir.2010). To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989).

As discussed above, Metro's complaint does not identify an enterprise or what, if any, predicate acts serve as the basis for Metro's claims. Again, Metro has alleged only conclusory statements that Travelers "used the interstate mails and wires to further its pattern of racketeering, in violation of federal law, including by communicating with Plaintiff and each other." (Compl. ¶ 92.) Such conclusory allegations fail to meet the heightened pleading standards of Rule 9(b). *See Jalili v. Far E. Nat. Bank*, No. C 12-5962 SBA, 2013 WL 1832648 (N.D. Cal. May 1, 2013) (May 1, 20213) (dismissing RICO claim predicated on identical allegations of mail fraud and explaining that Rule 9(b) applies where the RICO claim is predicated on fraudulent conduct). Moreover, Metro's complaint fails to allege the time, place, and manner of the alleged communications.

Additionally, Metro fails to allege sufficient facts to establish a "pattern of racketeering." Metro only alleges that the "pattern of racketeering activity is established by the acts and omissions set out in the numerous court cases reported and unreported, nationwide, in which Travelers has been found guilty and liable for bad faith breach of its insurance agreements, which can only be explained by a conscious and intentional pattern of wrongful activity." (Compl. ¶ 21.) Metro does not allege any other facts about these lawsuits, when they took place, and how they are related to the complained of activities in this case. Without these basic factual actions, the complaint fails to state a claim under Section 1962(c).

Accordingly, the Court **DISMISSES** Metro's RICO claims. If this is not a garden-variety insurance dispute, plaintiff may have leave to reallege. However, counsel is reminded of their Rule 11 obligations.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss **WITHOUT PREJUDICE** as to claims Three (Count I), Four, Five, Six, Seven, and Eight. Count II of claim Three is **DISMISSED WITH PREJUDICE**.

Metro shall file an amended complaint within twenty-one days of this Order. Travelers shall respond within twenty-one days of Metro's filing. To the extent that Travelers files a motion to dismiss, they shall not assert any grounds which could have been asserted in the instant motion. Travelers shall respond within 35 days if no amended complaint is filed.

This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**