Nicole Sheth, Esq. (Cal. State Bar No. 253515)
  *nsheth@kbrlaw.com*
Stephanie Ponek, Esq. (Cal. State Bar No. 306205)
  *sponek@kbrlaw.com*
**KAUFMAN BORGEEST & RYAN LLP**
21700 Oxnard Street - Suite 1450
Woodland Hills, CA  91367
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant,
Travelers Casualty and Surety Company of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| METRO SERVICES GROUP, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA a Connecticut corporation, and DOES 1-15, inclusive<br><br>Defendant. | Case No.: 21-cv-02178-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT**<br><br>[DECLARATION OF NICOLE SHETH FILED CONCURRENTLY HEREWITH]<br><br>Complaint Filed:   March 31, 2021 |

Defendant Travelers Casualty and Surety Company of America ("Defendant" or "Travelers") hereby submits a separate Case Management Statement after several attempts to submit a joint report failed due to counsel for Plaintiff Metro Services Group's ("Plaintiff" or "Metro") unwillingness to provide an editable version of the joint statement or incorporate Defendant's positions, which were emailed by way of separate word and pdf version. *See* Declaration of Nicole Sheth, concurrently attached.

### I. JURISDICTION AND SERVICE

This Court has jurisdiction based on 28 U.S.C. § 1332 (diversity of citizenship).

### II. FACTS

This matter arises out of Metro's claim for insurance coverage, under an insurance policy issued by Travelers to Metro for the policy period of April 19, 2018 to April 19, 2019 ("Policy"), in connection with a litigation that was filed against Metro by Crown Building Maintenance, Inc. dba Able Building Maintenance ("Able") on April 26, 2018. The litigation filed by Able is currently pending in San Francisco County Superior Court.

On August 9, 2018, Travelers denied Metro's tender of defense in good faith based on Exclusions 13.b and 13.e of the Policy and agreed to defend Metro's directors and officers subject to a reservation of rights. Metro did not contest Travelers' denial for nearly two years. On October 10, 2020, Travelers accepted Metro's defense subject to a full reservation of rights and expects to pay out the policy limits for the underlying matter.

Any contentions by Metro that it was denied legal representation of its own choosing under the protections of California Civil Code section 2860 are groundless. Metro has always been defended by counsel of its selection, Simoncini & Associates and Clark Hill PLC, in the underlying action.

The initial complaint contains causes of action for breach of contract, bad faith, breach of statutory duty, promissory estoppel, misrepresentation, fraud, interference with prospective economic advantage, violation of civil RICO, and declaratory judgment, and Metro seeks damages it alleges that it incurred in connection with the underlying litigation. Travelers filed a motion to dismiss, and on June 25, 2021, the Court issued a ruling, granting

1

**DEFENDANT'S CASE MANAGEMENT STATEMENT**
Case No. 21-cv-02178-YGR

Travelers' motion to dismiss with leave to amend the complaint. The Court dismissed the claim for violation of California Insurance Code section 790.03 (Unfair and Deceptive Business Practice) with prejudice because there is no private right of action. The claims for violation of California Civil Code § 2860 (duty to provide independent counsel), promissory estoppel, misrepresentation/fraud, interference with prospective economic advantage, and violation of RICO were dismissed without prejudice for failure to plead sufficient facts. Specifically, Plaintiff's meritless claim for RICO failed to allege basic factual allegations.

Defendant's position and defenses are subject to the allegations set forth in Plaintiff's amended complaint, to the extent one is filed.

### III. LEGAL ISSUES

A significant legal issue in this case is the applicability/inapplicability of certain exclusions in the insurance policy issued to Metro, namely the exclusion as to claims for misappropriation of trade secret. Defendant denies Plaintiff's claims, including but not limited to, that it breached the Policy and denied Metro a defense in bad faith. The only claim alleged against Plaintiff in the underlying action is misappropriation of trade secrets, and the policy does not cover loss for any claim for misappropriation of trade secret as to Metro. Accordingly, Travelers affirms that its coverage position was taken in good faith.

### IV. MOTIONS

At this time, other than any motions to dismiss or dispositive summary judgment or partial summary judgment motions that may be filed, there are no other anticipated motions. Defendant reserves the right to file all appropriate motions should discovery and/or the development of this lawsuit necessitate the filing of such motions. In addition, Defendant's position is subject to the allegations set forth in Plaintiff's amended complaint, to the extent one is filed.

### V. AMENDMENT OF PLEADINGS

In its Order Granting Motion to Dismiss with Leave to Amend on June 25, 2021, the Court provided Metro 21 days to file an amended complaint and Travelers 21 days thereafter to respond to Metro's filing. To the extent that Metro does not file an amended complaint,

Travelers has 35 days from the date of the Court's order to respond.

### VI. EVIDENCE PRESERVATION

Travelers has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this case.

### VII. DISCLOSURES

Travelers will exchange information required by Fed. R. Civ. P. 26(a)(1)(A) by July 14, 2021, in accordance with the Court's Order.

### VIII. DISCOVERY

To date, the parties have not engaged in any formal discovery. Travelers anticipates that, in addition to the Rule 26(a)(1) initial disclosures, there will be additional discovery that will require approximately one year to complete. Travelers currently does not anticipate the need to change any of the limits set forth in the Federal Rules of Civil Procedure, but will work cooperatively with Plaintiff before seeking any modifications to such limits.

Travelers intends to take depositions through Federal Rule 30(a)(1) and 30(b)(6) and likely will conduct depositions of non-parties (and experts).

Travelers proposes that all discovery be completed by July 14, 2022 and will attempt to agree to protective orders as necessary.

### IX. CLASS ACTIONS

This is not a class action.

### X. RELATED CASES

Other than the underlying action entitled *Crown Building Maintenance, Inc. dba Able Building Maintenance v. Metro Services Group, et al.*, Case No. CGC-18-566118, pending in San Francisco County Superior Court of California, Travelers is unaware of any related cases.

### XI. RELIEF

Travelers denies Metro is entitled to any relief and prays Metro take nothing by its action, that Travelers be awarded its costs of suit and for such other and further relief as this Court may deem just and proper.

### XII. SETTLEMENT AND ADR

The parties have not engaged in any oral or written settlement communications. Travelers is amenable to mediation.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Metro did not agree to have this matter tired before a magistrate judge pursuant to 28 U.S.C. § 636(c).

### XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

Travelers intends to file a motion for summary judgement and will attempt to meet and confer with counsel for Metro to agree on undisputed facts that may limit the factual issues present in the instant case.

### XVI. EXPEDITED TRIAL PROCEDURE

Travelers does not believe that an expedited trial procedure is appropriate in this case.

### XVII. SCHEDULING

Travelers proposes that discovery be completed by July 14, 2022 and anticipates that all dispositive motions will be filed no later than September 1, 2022. Travelers believes that the matters at issue can be resolved through dispositive motion and, if necessary, a trial. Travelers requests that this case be set for trial sometime after January 14, 2023.

### XVIII. TRIAL

Travelers requests that this case be set for trial sometime after January 14, 2023. It is anticipated that the trial will take 1-2 weeks. The setting of a trial date will depend upon the Court's consideration of any dispositive motions (including motions for summary judgment) and the extent of any limited discovery that may be permitted.

Travelers reserves any rights it may have to seek modification and/or extension of any trial and related dates, including discovery completion dates (if ordered) for good cause

shown and/or as stipulated between the parties.

### XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

Travelers filed a Certification of Interested Parties as required by Civil Local Rule 3-15. Defendant Travelers Casualty and Surety Company of America is 100% owned by Travelers Casualty and Surety Company, which is 100% owned by Travelers Insurance Group Holdings Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc. The Travelers Companies, Inc. is the only publicly held company in the corporate family.

### XX.   PROFESSIONAL CONDUCT

Counsel has reviewed the guidelines for professional conduct for the Northern District of California and agrees to adhere to same.

### XXI.   OTHER MATTERS

Travelers is not aware of other matters that need to be addressed at this time.

Respectfully submitted,

Dated:  July 14, 2021         **KAUFMAN BORGEEST & RYAN LLP**

By:    /s/ Nicole Sheth_____
Nicole Sheth, Esq.
*Attorney for* Defendant Travelers Casualty and Surety Company of America