Nicole Sheth, Esq. (Cal. State Bar No. 253515)
    *nsheth@kbrlaw.com*
Stephanie Ponek, Esq. (Cal. State Bar No. 306205)
    *sponek@kbrlaw.com*
**KAUFMAN BORGEEST & RYAN LLP**
21700 Oxnard Street - Suite 1450
Woodland Hills, CA  91367
Telephone: (818) 880-0992
Facsimile: (818) 880-0993

Attorneys for Defendant,
Travelers Casualty and Surety Company of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| METRO SERVICES GROUP, a California corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA a Connecticut corporation, and DOES 1-15, inclusive<br><br>             Defendant. | Case No.: 21-cv-02178-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**DECLARATION OF NICOLE SHETH**<br><br>Complaint Filed:   March 31, 2021 |

## DECLARATION OF NICOLE SHETH

I, NICOLE SHETH, declare and state as follows:

1.     I am a partner at the law firm of Kaufman Borgeest & Ryan LLP, counsel for defendant Travelers Casualty and Surety Company of America ("Defendant") in this action.

2.     I am a member in good standing of the Bar of the State of California.

3.     I make this declaration pursuant to L.R. 16-9(a), and, except where expressly stated, this declaration is based upon my personal knowledge and, if called upon to do so, I can and would so testify.

4.     On June 25, 2021, the Court set an Initial Case Management Conference for Wednesday, July 21, 2021 at 2:00 p.m. and set a deadline to file the Case Management Statement on July 14, 2021. (Dkt. No. 20). Subsequently, the Court entered an Order granting Plaintiff's Motion to Dismiss With Leave to Amend, which set a deadline of July 16, 2021 for Plaintiff to file amended pleadings. (Dkt. No. 21).

5.     On July 7, 2021, I received an email from Adam Gruen that attached a pdf version of a draft joint case management statement, requesting that I provide input on behalf of Travelers. The draft statement in pdf format included certain purported positions of Travelers; although, Mr. Gruen did not attempt to confer regarding Travelers' positions prior to sending over the draft joint statement.

6.     On July 12, 2021, Mr. Gruen sent an email correspondence re-attaching the pdf version of the joint case management statement and providing me an arbitrary deadline to provide comments in Word format due to his schedule, which he raised for the first time in his July 12 email. That same day, I responded and requested a Word version of the case management statement so that I could incorporate Travelers' position and also requested Mr.

Gruen's availability to confer.

7.     On July 12, 2021, Mr. Gruen responded to my email correspondence, refusing to provide a Word version of the *joint* statement, yet insisting that I provide him with changes in Word format. Mr. Gruen threatened to file a separate statement despite my reasonable requests to confer and be provided with a Word version of the joint statement.

8.     On July 12, 2021, counsel for the parties conferred telephonically, during which Mr. Gruen again refused to provide a Word version of the joint statement. At approximately 9:25 p.m., Mr. Gruen emailed me a revised pdf version of the joint case management statement.

9.     On July 12, 2021, at approximately 11:01 p.m., Mr. Gruen sent me another email threatening to seek entry of default despite the fact that Travelers has already appeared in this matter by way of the motion to dismiss, which I had explained to him in a previous email.

10.    On July 13, 2021, my colleague Stephanie Ponek emailed Mr. Gruen twice in the morning, advising that we have been working on the draft statement with our client, attaching Word documents that contained our redline additions and deletions to the joint report, and again requesting that Mr. Gruen provide a Word version of the joint statement in order to streamline the process and in light of his additional allegations in the most recent pdf draft. Ms. Ponek also offered to file the statement in the event that counsel for Plaintiff is unable to for various reasons.

11.    On July 13, 2021, Mr. Gruen responded to Ms. Ponek's emails and refused to incorporate our positions from the redlined Word document into the joint report on false allegations that the document was not redlined and that his client's sections had been

altered. That same day, I responded to Mr. Gruen and attached the same document that we had emailed him earlier that morning, in pdf format. I note, that Mr. Gruen had requested that we send our changes in Word format despite the fact that he refused to send a Word version of the actual joint document that would ultimately be filed with the Court. In my July 13, 2021 email, I explained that documents were redlined so that Mr. Gruen could track our changes and so that our positions (including any deletions and insertions) are accurately included in the statement.

12.     On July 14, 2021, Mr. Gruen sent me an email, contending in relevant part, that we had delayed in providing feedback and that he would review Travelers' proposed changes and respond before filing a separate case management statement. I responded that we disagree with Mr. Gruen's characterization and advised him that his timeline of events is inaccurate. Notably, Mr. Gruen had sent us a pdf version of the joint statement prior to conferring with us regarding our position, had advised us of his schedule for the first time on July 12, 2021, and then accused us of "changing the text of [his] client's position despite the fact that [he has] maintained exclusive control over the editable version of the joint Case Management Statement the entire time and [has] refused to provide it to us and now refuse[s] to incorporate our requested edits, which we provided by way of separate document showing our requested changes in redline." Attached hereto as "**Exhibit 1**" is a true and correct copy of the content of my email exchange with Mr. Gruen on July 14, 2021.

13.     That same day, Mr. Gruen agreed to incorporate our edits into the joint statement. Upon receiving his pdf version of the joint report, my colleague Stephanie Ponek sent him additional edits by way of both Word and pdf documents showing the exact edits that we wanted incorporated into the joint statement in redline, including corrections to Ms.

---

3

**DECLARATION OF NICOLE SHETH**

Case No. 21-cv-02178-YGR

7452141

Ponek's California state bar number on the caption page, and requesting that Mr. Gruen advise whether any "additional changes were made to the statement since we do not have the benefit of being able to compare a word to word version of the joint statement."

14.     Mr. Gruen then sent a further revised pdf version of the joint statement that still did not incorporate all of our requested changes, including changes to Ms. Ponek's California state bar number.

15.     Ms. Ponek responded to Mr. Gruen's email, advising that we would file the joint statement despite the fact that all of our edits were not accurately incorporated into the recent version of the joint statement, provided that Mr. Gruen correct Ms. Ponek's state bar number and confirm that no other changes were made to the pdf version of the joint statement.

16.     Mr. Gruen responded to Ms. Ponek's email, acknowledging that there were typographical errors in the joint statement, and that he will fix the typos in a separate statement that he intends to file instead. Mr. Gruen advised that we were not authorized to file the joint statement.

17.     In response to Mr. Gruen's email, Ms. Ponek responded that we simply requested he change her bar number and had requested that he make the change twice prior to Mr. Gruen's arbitrary 5:00 p.m. deadline. Ms. Ponek also advised him that we do not have a way of correcting this error since he refused to provide us with a Word version of the joint statement. As there was no response from Mr. Gruen, Ms. Ponek followed up to again request that he correct her bar number and provide authorization to file the joint statement pursuant to the Court's Order. Ms. Ponek also confirmed that we have always remained ready to attempt to file a joint statement in this matter.

18.     Attached hereto as "**Exhibit 2**" is a true and correct copy of Ms. Ponek's email exchange with Mr. Gruen on July 14, 2021.

19.     Since we have not received a response from Mr. Gruen, we have proceeded to file our own separate statement in order to meet the Court's deadline to file a statement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of July, in Woodland Hills, California


/s/ Nicole Sheth_____
Nicole Sheth

**DECLARATION OF NICOLE SHETH**

Case No. 21-cv-02178-YGR

7452141