Adam S. Gruen (Cal. Bar No. 114888)
LAW OFFICES of ADAM S. GRUEN
6592 Arlington Drive
Pleasanton, CA 94566
Telephone: (510) 685-6863
adamsgruen@aol.com

Attorneys for Plaintiff
METRO SERVICES GROUP,
a California corporation

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| METRO SERVICES GROUP,<br>a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA<br>, and DOES 1-15, inclusive,<br><br>    Defendants. | ) CASE NO: 21-CV-02178 YGR<br>)<br>) Hon. Yvonne Gonzalez Rogers<br>)<br>) SEPARATE CASE MANAGEMENT<br>) STATEMENT OF PLAINTIFF<br>) <u>METRO SERVICES GROUP</u><br>)<br>)<br>)<br>) DATE: July 21, 2021<br>) TIME: 2:00 PM<br>) PLACE: Via Zoom<br>) |

Plaintiff Metro Services Group ("Plaintiff" or "Metro") submits this Separate Case Management Statement in the Case against defendant Travelers Casualty and Insurance Company ("Defendant" or "Travelers"), as a result of the inability of counsel for the parties to timely file a Joint Case Management Statement, as required and intended.

## I. JURISDICTION AND SERVICE

Jurisdiction is premised upon "diversity of citizenship" pursuant to 28 U.S.C. Sections 1331 and 1332. Plaintiff also alleged a federal claim under the Racketeer Influenced Corrupt Organizations Act ("RICO"). Defendant correctly notes that the RICO claim, however, was dismissed, pursuant to Defendant's Motion to Dismiss - with Leave to Amend. Plaintiff does intend to amend the Complaint to allege a valid RICO claim; Plaintiff expects that Travelers will seek dismissal of any RICO claim Plaintiff asserts in its amended complaint (as well as other claims). The Court has jurisdiction of the pendent state law claims arising out of the same operative set of facts. Supplemental jurisdiction over the non-federal claims is premised on 28 U.S.C. section 1441.

## II. BRIEF FACTS

A. <u>Plaintiff's Allegations</u>

Plaintiff purchased a Private Company Directors and Officers Wrap Liability Insurance Policy from the Travelers, covering the period April 19, 2017 through April 19, 2018 (the "Policy"). The Policy contains an express "Duty-to-Defend."

-2-

SEPARATE CASE MANAGEMENT STATEMENT

The Policy has a stated $1 million limit for all claims; additionally the Policy provides $500,000 in Supplemental Personal Liability coverage to Metro where it is prohibited by law from indemnifying an officer or director for an adverse judgment - which likely would be the case here.

During the period the Policy was in place, Metro and three of its officers, were sued in the San Francisco Superior Court by a competitor, Able Building Maintenance ("Able"). Able alleged claims against Metro and three of its officers for misappropriation of confidential (and trade secret) information. Travelers assumed the defense of the officers; it, however, denied Metro's tender of defense and indemnity.

Plaintiff, as a result of the Travelers' denial of a defense, was forced to seek and hire privately retained counsel. Meanwhile, Travelers provided a paid defense under the Policy for the three employees of Metro in Able's Action. Travelers refused to even provide Metro with independent "Cumis" counsel.

Metro's counsel, once again, tendered defense of the Able Action to Travelers. And Travelers denied its duty to defend a second time - while utterly ignoring and failing to address the duty to defend arguments asserted. Meanwhile, the defense costs paid by Travelers under the Policy to the Travelers-assigned attorney for Metro's employees had "eroded," and virtually exhausted, the $1 million limits of the Policy.

SEPARATE CASE MANAGEMENT STATEMENT

Metro, believing it was right all along, and that the law was on its side made a third tender of defense. Two years after Metro's initial tender, and with no new facts presented to it, Defendant finally acknowledged its obligation and accepted tender of defense - subject to a reservation of rights. By the time Defendant belatedly accepted the tender, however, Metro had suffered irreparable damage and prejudice. Much more is likely to befall it. Trial in the Able Acton is around the corner. Able's pre-trial settlement demand was in excess of $10 million. Travelers is well aware of the amount of the settlement demand and extent of damages claimed by Able; it attended the settlement conference with its own counsel.

Plaintiff ultimately expended over $1 million of its own funds to obtain sub-par counsel. Due to the belated acceptance of tender, and with no money left in the till, Metro lost the opportunity to have a unified and coordinated and cost-effective joint defense with the assigned attorney for the individual defendants. Metro also missed an opportunity to try to utilize the $1 to $1.5 million policy limits to settle the case rather than have the entire Policy "burned through" by expenditure of defense fees and costs incurred by others to Metro's exclusion - and actual prejudice. Metro also was denied legal representation of its own choosing under the protections of the "Cumis" statute, codified in California Civil Code Section 2860.

B. Defendant's Position

Plaintiff is informed and believes, based on the "final" draft Joint Case Management Conference Statement that: Travelers denied Metro's tender of defense on August 9, 2018, in good faith, based on Exclusions 13.b and 13.e of the Policy but did agree to defend Metro's officers and directors subject to a reservation of rights.

-4-

SEPARATE CASE MANAGEMENT STATEMENT

Travelers has further argued that Metro did not contest Travelers' denial for nearly two years., Travelers agrees that it accepted Metro's defense subject to a full reservation of rights on October 10, 2020.

Travelers also argues that Metro's contention that it was denied legal representation of its own choosing under the protections of Civil Code section 2860 is groundless, and that Metro has always been defended by counsel of its selection, Simoncini & Associates and Clark Hill PLC, in the underlying action.

### III. LEGAL CLAIMS/ISSUES

Plaintiff assert claims for (1) Breach of Contract [First Cause of Action]; (2) Bad Faith [Second Cause of Action] and Declaratory Relief [Ninth Cause of Action] that Defendant did not challenge on its Motion to Dismiss.

Plaintiff's additional Claims, that were the subject of Defendant's Motion to Dismiss include: Breach of Statutory Duty - Violation of California Civil Code Section 2860 [Third Claim]; Promissory Estoppel [Fourth Claim]; Misrepresentation [Fifth Claim]; Fraud [Sixth Claim]; Intentional Interference With Prospective Business Advantage [Seventh Claim]; and - Violation of the Racketeering Influenced Corrupt Organizations Act [Eighth Claim].

It is Plaintiff's position that California law mandates that the insurer's duty to defend is to be broadly construed in favor of finding the duty exists. One reason for the rule is to advance the social good of having insurers at least provide a legal defense where there is the *potential* that damages arising from the accident or injury will properly be covered by insurance.

-5-

SEPARATE CASE MANAGEMENT STATEMENT

The insurer's duty to defend is immediate. The California Supreme Court in 2015 reaffirmed that this "Court has long maintained that if any claims in a third party complaint...are even potentially covered by the policy, the insurer must provide its insured with a defense to all claims." *Hartford Casualty Ins. v. J. R. Marketing* (2015) 61 Cal. 4th 998, 991. That is true even where some claims are not covered so long as one or more potentially may be covered. *Id* at 997, 998.

As a result of the strong public policy favoring liability insurance, the California courts have consistently ruled that any uncertainty as to whether a duty to defend is owed to the insured must be resolved in favor of the insured. *B&E Convalescent Ctr. v. State Comp. Ins. Fund* (1992) 8 Cal. App. 4th 78, 99.

Despite this established law, Defendant denied Defendant's repeated tenders of defense (and indemnity) of a lawsuit filed against it that alleged that Plaintiff and its officers had misappropriated and/or misused confidential and trade secret information of a competitor. Plaintiff had to pay to defend itself - without benefit of insurance. Then, two years later, and in the absence of any new facts or evidence, Defendant belatedly accepted the *third* tender upon threat of legal action. However, Defendant then reneged on that promise to pay Defendant's further defense costs.

Defendant has not challenged Metro's claims for Breach of Contract, Bad Faith," and For Declaratory Judgment. No matter what claims remain after the next Motion to Dismiss, the heart of the case will remain and the case - and establishment of dates and deadlines - should proceed accordingly.

-6-

SEPARATE CASE MANAGEMENT STATEMENT

Defendant denies Plaintiff's claims, including but not limited to, that it breached the policy, and denied Metro a defense in bad faith. Travelers contends that its coverage position was proper and taken in good faith

## IV. MOTIONS

Plaintiff (and Defendant) may file motions summary judgment or partial summary judgment. It can be anticipated that Defendant likely will file a Motion to Dismiss to the First Amended Complaint.

## V. AMENDMENT OF PLEADINGS

Plaintiff intends to amend its pleading, and to file a First Amended Complaint on or before July 16, 2021.

## VI. EVIDENCE PRESERVATION

Plaintiff confirms that it has taken steps to refrain from destroying evidence that is deemed reasonably evident to be relevant to the issues in the action, including preservation of all potentially written and electronic information.

## VII. INITIAL DISCLOSURES

The Parties made Initial Disclosures pursuant to Federal Rule 26(a)(1) on July 16, 2021. Plaintiff believes that Defendant;'s Initial Disclosure is patently defective. Plaintiff's counsel will meet and confer with counsel for Defendant in an effort to amend its Initial Disclosure

## VIII. DISCOVERY

A. <u>Status</u>

The Parties have not engaged in formal discovery to date. Following the Rule 26(a)(1) disclosures both Parties anticipate engaging in extensive discovery. Plaintiff does not anticipate making a request to alter any time limits established by the Federal Rules of Civil Procedure or the Local Rules.

B. <u>Plaintiff's Anticipated Discovery</u>

Plaintiff intends to promptly commence all appropriate discovery, including oral depositions and written discovery. Plaintiff expects to be able to complete discovery by the end of ths year, December 31, 2021. Plaintiff seeks a close of discovery of December 31, 2021.

C. <u>Defendant's Anticipated Discovery</u>

Plaintiff presumes that Defendant intends to promptly commence all appropriate discovery as well. Plaintiff was previously advised that Travelers proposed a discovery cut-off date of July 14, 2022.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

There are no related cases.

-8-

SEPARATE CASE MANAGEMENT STATEMENT

## XI. RELIEF SOUGHT IN ACTION

Plaintiff seeks general and special monetary damages in the complaint, trebled under RICO; along with punitive and exemplary damages, and reasonable attorney's fees. Travelers denies that Metro is entitled to any relief.

## XII. SETTLEMENT AND ALTERNATE DISPUTE RESOLUTION

There have been no settlement discussions. No mediation has taken place. Plaintiff is willing to participate in ENE; both parties are agreeable to participate in mediation after discovery is completed.

## XIII. CONSENT TO MAGISTRATE JUDGE

Plaintiff declined to consent to use of a Magistrate Judge in this case.

## XIV. OTHER REFERENCES

Plaintiff does not believe any reference to binding arbitration, a special master or the Judicial Panel on Multi-District Litigation is appropriate at this time. Nor apparently does Travelers

## XV. NARROWING OF ISSUES

Both Parties anticipate filing Motions Summary Judgment. The Parties will meet and confer in good faith to determine whether they may stipulate and agree to undisputed facts to limit the factual disputes in the action.

SEPARATE CASE MANAGEMENT STATEMENT

## XVI. EXPEDITED SCHEDULE

Plaintiff does not believe an expedited schedule is appropriate given the facts of the case. Neither does Travelers, as Plaintiff has been advised.

## XVII. SCHEDULING

Plaintiff seeks a close of discovery of December 31, 2021, and that all dispositive motions be filed before March 1, 2022.

Defendant seeks a close of discovery on July 14, 2022, and that all dispositive motions be filed by September 1, 2022.

Plaintiff requests that percipient witness discovery remain open until 75 days before trial, with dates and deadlines for expert discovery set in accordance with Rule 26.

## XVIII. TRIAL

Plaintiff requests trial by jury. Plaintiff estimates that trial will require five to seven days. Plaintiff requests that trial be set in March 2022. Defendant has advised that it estimates trial will take from one to two weeks, and seeks a trial date after January 14, 2023.

## XIX. DISCLOSURE OF INTERESTED ENTITIES OR PERSONS

The Parties have filed Certifications of Interested Entities or Persons.

## XX. GUIDELINES FOR PROFESSIONAL CONDUCT

Counsel for the Plaintiff has reviewed, and agreed to abide by, the Northern District Guidelines for Professional Conduct.

## XXI. OTHER MATTERS

Plaintiff is not aware of any other matters that need to be addressed at this time.

Dated: July 14, 2021                                LAW OFFICES OF ADAM S. GRUEN

By _____
Adam S. Gruen
Attorneys for Plaintiff

-11-

SEPARATE CASE MANAGEMENT STATEMENT

## PROOF OF SERVICE

I, Adam Gruen, state that I am over the age of 18 and not a party to the action. My office address is 6592 Arlington Drive, Pleasanton, California 94566. On July 15, 2021 I caused to be served on counsel for Travelers SEPARATE CASE MANAGEMENT STATEMENT as follows:

Nicole Sheth (Cal Bar No. 253515)
Kaufman, Borgeest & Ryan LLP
21700 Oxnard Street, Suite 1450
Woodland Hills, CA 91367

by electronic mail addressed to "nsheth@kbrlaw.com."

I declare under penalty of Perjury under the laws of the United States of America, which is executed ths 15th day of July 2021 at Pleasanton, California.

*Adam Gruen*

_____

Adam Gruen