1

Adam S. Gruen  (Cal. Bar No. 114888)
LAW OFFICES of ADAM S. GRUEN
6592 Arlington Drive
Pleasanton, CA  94566
Telephone:  (510) 685-6863
adamsgruen@aol.com

Attorneys for Plaintiff
METRO SERVICES GROUP,
a California corporation

Nicole Sheth (Cal Bar No. 253515)
Stephanie Ponek (Cal Bar No. 306295)
Kaufman, Borgeest & Ryan LLP
21700 Oxnard Street, Suite 1450
Woodland Hills, CA 91367
Telephone: (818) 880-0992
nsheth@kbrlaw.com
sponek@kbrlaw.com

Attorneys for Defendant
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATED DISTRICT COURT

17

NORTHERN  DISTRICT OF CALIFORNIA

18

OAKLAND DIVISION

19

20

| | |
|---|---|
| METRO SERVICES GROUP, a California corporation, | ) CASE NO: 21-CV-02178 YGR |
| | ) |
| | ) Hon. Yvonne Gonzalez Rogers |
| Plaintiff, | ) |
| | ) JOINT CASE MANAGEMENT |
| | ) STATEMENT OF PLAINTIFF |
| vs. | ) METRO SERVICES |
| GROUP | ) AND DEFENDANT TRAVELERS |
| TRAVELERS CASUALTY AND | ) CASUALTY AND SURETY |
| SURETY COMPANY, and | ) COMPANY OF AMERICA |
| DOES 1-15, inclusive, | ) |
| | ) DATE:  July 21, 2021 |
| Defendants. | ) TIME:   2:00 PM |
| | ) PLACE: Via Zoom |
| | ) |

21

22

23

24

25

26

27

28

Plaintiff Metro Services Group ("Plaintiff" or "Metro") and defendant Travelers Casualty and Surety Company of America ("Defendant" or "Travelers"), collectively the "Parties," submit this Joint Case Management Statement in the Case, as follows:

## I. JURISDICTION AND SERVICE

Jurisdiction is premised upon "diversity of citizenship" pursuant to 28 U.S.C. Sections 1331 and 1332. Plaintiff also alleged a federal claim under the Racketeer Influenced Corrupt Organizations Act ("RICO"). That claim, however, was dismissed, pursuant to Defendant's Motion to Dismiss - with Leave to Amend. Plaintiff intends to amend the Complaint to allege a valid RICO claim The Court has jurisdiction of the pendent state law claims arising out of the same operative set of facts. Supplemental jurisdiction over the non-federal claims is premised on 28 U.S.C. section 1441.

## II. BRIEF FACTS

A. <u>Plaintiff's Allegations</u>

Plaintiff purchased a Private Company Directors and Officers Wrap Liability Insurance Policy from the Travelers, covering the period April 19, 2017 through April 19, 2018 (the "Policy"). The Policy contains an express "Duty-to-Defend."

The Policy has a stated $1 million limit for all claims; additionally the Policy provides $500,000 in Supplemental Personal Liability coverage to Metro where it is prohibited by law from indemnifying an officer or director for an adverse judgment - which likely would be the case here.

-2-

JOINT CASE MANAGEMENT STATEMENT

During the period the Policy was in place, Metro and three of its officers, were sued in the San Francisco Superior Court by a competitor, Able Building Maintenance ("Able"). Able alleged claims against Metro and three of its officers for misappropriation of confidential (and trade secret) information. Travelers assumed the defense of the officers; it, however, denied Metro's tender of defense and indemnity.

Plaintiff, as a result of the Travelers' denial of a defense, was forced to seek and hire privately retained counsel. Meanwhile, Travelers provided a paid defense under the Policy for the three employees of Metro in Able's Action. Travelers refused to even provide Metro with independent "Cumis" counsel.

Metro's counsel, once again, tendered defense of the Able Action to Travelers. And Travelers denied its duty to defend a second time - while utterly ignoring and failing to address the duty to defend arguments asserted. Meanwhile, the defense costs paid by Travelers under the Policy to the Travelers-assigned attorney for Metro's employees had "eroded," and virtually exhausted, the $1 million limits of the Policy.

Metro, believing it was right all along, and that the law was on its side made a third tender of defense. Two years after Metro's initial tender, and with no new facts presented to it, Defendant finally acknowledged its obligation and accepted tender of defense - subject to a reservation of rights. By the time Defendant belatedly accepted the tender, however, Metro had suffered irreparable damage and prejudice. Much more is likely to befall it. Trial in the Able Acton is around the corner. Able's pre-trial settlement demand was in excess of $10 million. Travelers is well aware of the settlement demand; it attended the settlement conference.

-3-

JOINT CASE MANAGEMENT STATEMENT

Plaintiff ultimately expended over $1 million of its own funds to obtain sub-par counsel. Due to the belated acceptance of tender, and with no money left in the till, Metro lost the opportunity to have a unified and coordinated and cost-effective joint defense with the assigned attorney for the individual defendants. Metro also missed an opportunity to try to utilize the $1 to $1.5 million policy limits to settle the case rather than have the entire Policy "burned through" by expenditure of defense fees and costs incurred by others to Metro's exclusion - and actual prejudice. Metro also was denied legal representation of its own choosing under the protections of the "Cumis" statute, codified in California Civil Code Section 2860.

B. Defendant's Response and Defenses

Defendant denies the substance of Plaintiff's claims. In addition, Defendant contends that Plaintiff's claims which were dismissed by the Court are barred or cannot be properly stated as a matter of law.

-4-

JOINT CASE MANAGEMENT STATEMENT

## III. LEGAL CLAIMS/ISSUES

Plaintiff assert claims for (1) Breach of Contract [First Cause of Action]; (2) Bad Faith [Second Cause of Action] and Declaratory Relief [Ninth Cause of Action] that Defendant did not challenge on its Motion to Dismiss.

Plaintiff's additional Claims, that were the subject of Defendant's Motion to Dismiss include: Breach of Statutory Duty - Violation of California Civil Code Section 2860 [Third Claim]; Promissory Estoppel [Fourth Claim]; Misrepresentation [Fifth Claim]; Fraud [Sixth Claim]; Intentional Interference With Prospective Business Advantage [Seventh Claim]; and - Violation of the Racketeering Influenced Corrupt Organizations Act [Eighth Claim].

It is Plaintiff's position that California law mandates that the insurer's duty to defend is to be broadly construed in favor of finding the duty exists. One reason for the rule is to advance the social good of having insurers at least provide a legal defense where there is the *potential* that damages arising from the accident or injury will properly be covered by insurance.

The insurer's duty to defend is immediate. The California Supreme Court in 2015 reaffirmed that this "Court has long maintained that if any claims in a third party complaint...are even potentially covered by the policy, the insurer must provide its insured with a defense to all claims." *Hartford Casualty Ins. v. J. R. Marketing* (2015) 61 Cal. 4th 998, 991. That is true even where some claims are not covered so long as one or more potentially may be covered. *Id* at 997, 998.

-5-

_____

JOINT CASE MANAGEMENT STATEMENT

As a result of the strong public policy favoring liability insurance, the California courts have consistently ruled that any uncertainty as to whether a duty to defend is owed to the insured must be resolved in favor of the insured. *B&E Convalescent Center. v. State Comp. Ins. Fund* (1992) 8 Cal. App. 4th 78, 99.

Despite this established law, Defendant denied Defendant's repeated tenders of defense (and indemnity) of a lawsuit filed against it that alleged that Plaintiff and its officers had misappropriated and/or misused confidential and trade secret information of a competitor. Plaintiff had to pay to defend itself - without benefit of insurance. Then, two years later, and in the absence of any new facts or evidence, Defendant belatedly accepted the *third* tender upon threat of legal action. However, Defendant then reneged on that promise to pay Defendant's further defense costs.

Defendant has not challenged Metro's claims for Breach of Contract, Bad Faith," and For Declaratory Judgment. No matter what claims remain after the next Motion to Dismiss, the heart of the case will remain and the case - and establishment of dates and deadlines - should proceed accordingly

Defendant denies the substance of Plaintiff's claims. In addition, Defendant contends that Plaintiff's claims which were dismissed by the Court are barred or cannot be properly stated as a matter of law.

-6-

JOINT CASE MANAGEMENT STATEMENT

## IV.  MOTIONS

Defendant anticipates that it will file another Motion to Dismiss to the extent it anticipates that Plaintiff will not be able to establish the missing elements of each of the dismissed claims. Defendant also anticipates it will file a Motion for Summary Judgment and/or Summary Adjudication of Claims or Defenses.

## V.  AMENDMENT OF PLEADINGS

Plaintiff intends to amend its pleading, and to file a First Amended Complaint on or before July 16, 2021.

## VI.  EVIDENCE PRESERVATION

The Parties assert that each has taken steps to refrain from destroying evidence that is deemed reasonably evident to be relevant to the issues in the action, including preservation of all potentially written and electronic information.

## VII.  INITIAL DISCLOSURES

The Parties will make Initial Disclosures pursuant to Federal Rule 26(a) on or before July 16, 2021, as established by Rule 26.

## VIII.  DISCOVERY

A. <u>Status</u>

Plaintiff intends to commence all appropriate discovery. So, too, does Defendant. The Parties intend to serve written discovery.

JOINT CASE MANAGEMENT STATEMENT

B. Depositions

The Parties intend to take depositions of the Parties through Federal Rule 30(b)(6), and likely will conduct depositions of non-parties (and experts).

C. Close of Discovery

Plaintiff believes that discovery can be conducted - and completed by December 31, 2021. Defendant, however, believes that July 31, 2022 is a more realistic date for the close of discovery.

## IX.  CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF SOUGHT IN ACTION

Plaintiffs seek general and special monetary damages in the complaint, trebled under RICO; along with punitive and exemplary damages, and reasonable attorney's fees.

## XII.  SETTLEMENT AND ALTERNATE DISPUTE RESOLUTION

There have been no settlement discussions. No mediation has taken place.  Plaintiff is willing to participate in ENE; both Parties are agreeable to participate in mediation after discovery is complete.

## XIII. CONSENT TO MAGISTRATE JUDGE

Plaintiff declined to consent to use of a Magistrate Judge in this case.

-8-

JOINT CASE MANAGEMENT STATEMENT

## XIV.  OTHER REFERENCES

The Parties do not believe any reference is appropriate at this time.

## XV.  NARROWING OF ISSUES

Both Parties intend to file a Motion Summary Judgment and/or For Summary

Adjudication of Claims or Defenses.

## XVI.  EXPEDITED SCHEDULE

The Parties do not believe an expedited schedule is appropriate given the facts of the

case.

## XVII.  SCHEDULING

Plaintiff seeks a close of discovery of December 31, 2021; Defendant seeks a close of

discovery on July 31, 2022. The Parties request that percipient witness discovery remain open

until 75 days before trial, with dates and deadlines for expert discovery set in accordance

with Rule 26.

## XVIII.  TRIAL

Plaintiff requests trial by jury. Plaintiff estimates that trial will require five to seven days.

Plaintiff requests that trial be set in March 2022; Defendant seeks a trial date in January 2023.

## XIX.  DISCLOSURE OF INTERESTED ENTITIES OR PERSONS

The Parties have filed Certifications of Interested Entities or Persons.

-9-

---

JOINT CASE MANAGEMENT STATEMENT

## XX.  OTHER MATTERS

The Parties are not aware of any other matters that need to be addressed at this time.

Dated: July 13, 2021

LAW OFFICES OF ADAM S. GRUEN

*Adam S. Gruen*

By_____

Adam S. Gruen
Attorneys for Plaintiff

Dated: July 13, 2021

KAUFMAN BORGEEST & RYAN LLP

By_____

Nicole Sheth
Attorneys for Defendant

-10-

JOINT CASE MANAGEMENT STATEMENT